

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Tracey Agnew*
*Assistant United States Attorney*

TA/PL AGR
USAO No. 2023R00827

*402 East State Street*
*Trenton, New Jersey 08608*

*(609) 656-2504*

**RECEIVED**

MAY 2 7 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

November 26, 2024

Michael Chazen, Esq.
4400 Route 9 South
Suite 1000
Freehold, New Jersey  07728

Re:  Plea Agreement with Jeremy Greenwald

25-345
(ZNQ)

Dear Mr. Chazen:

This letter sets forth the plea agreement between your client, Jeremy Greenwald ("GREENWALD"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 6, 2024, if it is not accepted in writing by that date. If GREENWALD does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from GREENWALD to a two-count Information.  Count One charges that, from in or around May 2022 through in or around February 2023, GREENWALD received child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Count Two charges that, in or around January 2024, GREENWALD possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

If GREENWALD enters a guilty plea and is sentenced on these two charges and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GREENWALD for knowingly producing, receiving, and possessing child pornography from in or around May 2022 through in or around January 2024, and engaging in online enticement of minors during that same time period.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does

1

not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against GREENWALD even if the applicable statute of limitations period for those charges expires after GREENWALD signs this agreement, and GREENWALD agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(a) to which GREENWALD agrees to plead guilty in Count One carries a statutory minimum sentence of five years' imprisonment, and a statutory maximum sentence of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 2252A(a)(5)(B) to which GREENWALD agrees to plead guilty in Count Two carries a statutory maximum sentence of 10 years' *20 years'* imprisonment and a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences on Counts One and Two may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GREENWALD is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence GREENWALD ultimately will receive.

Further, in addition to imposing any other penalty on GREENWALD, the sentencing judge as part of the sentence:

(1)    will order GREENWALD to pay an assessment of $100 per count ($200 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order GREENWALD to pay restitution pursuant to 18 U.S.C. §§ 2248, 2259 and 3663 *et seq.*;

(3)    in addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds GREENWALD to be indigent, an additional mandatory special assessment of $5,000 per count ($10,000 total) must also be imposed;

(4)    in addition, pursuant to 18 U.S.C. § 2259A, the court shall assess not more than $17,000 on any person convicted of an offense under section 2252A(a)(5);

(5)    must order forfeiture, pursuant to 18 U.S.C. § 2253;

(6)    pursuant to 18 U.S.C. § 3583(k), must require GREENWALD to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release on each count, which will begin at the expiration of any term of imprisonment imposed. Should GREENWALD be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GREENWALD may be sentenced to not more than five (5) years' imprisonment on Count One and not more than three (3) years' imprisonment on Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release;

(7)    however, pursuant to 18 U.S.C. § 3583(k), should GREENWALD while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, GREENWALD must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, GREENWALD agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and

whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Forfeiture

GREENWALD agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all cellular telephone(s), computer and computer accessories on which law enforcement, in or around January 2024 through at least October 2024, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information, and all property traceable to such property (the "Forfeitable Property," which includes the items listed on Schedule B hereto).

GREENWALD further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. GREENWALD agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. GREENWALD understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

GREENWALD hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on GREENWALD by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GREENWALD's activities and relevant conduct with respect to this case.

Stipulations

This Office and GREENWALD will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and GREENWALD waive certain rights to file an appeal, collaterally attack, or otherwise challenge the judge of conviction or sentence.

## Immigration Consequences

GREENWALD understands that, if GREENWALD is not a citizen of the United States, GREENWALD's guilty plea to the charged offenses will likely result in GREENWALD being subject to immigration proceedings and removed from the United States by making GREENWALD deportable, excludable, or inadmissible, or ending GREENWALD's naturalization. GREENWALD understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GREENWALD wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause GREENWALD's removal from the United States. GREENWALD understands that GREENWALD is bound by this guilty plea regardless of any immigration consequences. Accordingly, GREENWALD waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. GREENWALD also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Registration Consequences

GREENWALD understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. GREENWALD wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. GREENWALD understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, GREENWALD waives any and all challenges to his guilty plea and to his sentence based on any registration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

GREENWALD has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where GREENWALD resides; where he is an employee; and where he is a student. GREENWALD understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information.

GREENWALD further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. GREENWALD has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GREENWALD. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against GREENWALD.

No provision of this agreement shall preclude GREENWALD from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that GREENWALD received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

       This agreement constitutes the plea agreement between GREENWALD and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                 Very truly yours,

                                 PHILIP R. SELLINGER
                                 United States Attorney

                         By:_____
                             Tracey Agnew
                             Assistant U.S. Attorney

APPROVED:

*Eric A. Boden*

_____
Eric A. Boden
Attorney-in-Charge, Trenton Branch Office

I have received this letter from my attorney, Michael Chazen, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date: 11/29/24
Jeremy Greenwald


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: 11/29/24
Michael Chazen, Esq.

9

Plea Agreement with Jeremy Greenwald

Schedule A

1.   This Office and Jeremy Greenwald ("GREENWALD") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.   The version of the Guidelines effective November 1, 2024 applies in this case.

Count One: Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A)

3.   The ordinarily applicable guideline for a violation of 18 U.S.C. § 2252A(a)(2)(A) would be U.S.S.G. § 2G2.2(a)(2). This guideline would carry a Base Offense Level of 28.

4.   The offense level would be decreased by 2 levels because the conduct was limited to receipt of material involving the sexual exploitation of a minor and the defendant did not intent to traffic in or distribute such material. U.S.S.G. § 2G2.2(b)(1).

5.   The defendant engaged in a pattern of activity involving the exploitation of a minor, warranting a 5-level increase. U.S.S.G. § 2G2.2(b)(5).

6.   Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material, the offense level would increase by 2 levels. U.S.S.G. § 2G2.2(b)(6).

7.   Because the offense involved 600 or more images, the offense level would increase by 5 levels. U.S.S.G. § 2G2.2(b)(7)(D).

8.   However, because the offense charged in Count One arose from the defendant's solicitation of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, U.S.S.G. § 2G2.1 applies, and the resulting offense level is greater than the offense level otherwise determined under U.S.S.G. § 2G2.2 (See paragraphs 3 through 7, above).  U.S.S.G. § 2G2.2(c)(1).

9.   Accordingly, since the applicable guideline is U.S.S.G. § 2G2.1,  a Base Offense Level of 32 applies. U.S.S.G. § 2G2.1(a).

10.   The offense level is increased by 2 levels because the offense involved a fifteen-year-old minor who had attained the age of twelve years, but not attained the age of sixteen years.  U.S.S.G. § 2G2.1(b)(1)(B).

11.   The offense level is increased by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct. U.S.S.G. § 2G2.1(b)(6)(B)(i).

12.   The Adjusted Base Offense Level for Count One is 36.

Count Two:  Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)

13.   The applicable guideline is U.S.S.G. § 2G2.2.  This guideline carries a Base Offense Level of 18.  U.S.S.G. § 2G2.2(a)(1).

14.   The offense level is increased by 2 levels because the material involved prepubescent minors or minors who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(2).

15.   The offense involved the use of a computer or an interactive computer service for the possession of the material or for accessing with intent to view the material. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G2.2(b)(6).

16.   The offense involved 600 or more images.  The offense level is therefore increased by 5 levels. U.S.S.G. § 2G2.2(b)(7)(D).

17.   The Adjusted Base Offense Level for Count Two is 27.

Grouping of Multiple Counts

18.   Pursuant to U.S.S.G. § 3D1.2(d), Count One does not group with Count Two as Section 2G2.1 of Chapter 2 is explicitly excluded from the grouping rule.

19.   Accordingly, pursuant to U.S.S.G. § 3D1.4, the combined offense level for Counts One and Two is determined by taking the offense level applicable to the group with the highest offense level (Count One), which is 36. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level constitutes 1 Unit.

20.   Because Count Two is 9 levels less serious than Count One, Count Two does not increase the applicable offense level, but may provide a reason for

11

sentencing at the higher end of the sentencing range for the applicable offense level. U.S.S.G. § 3D1.4(c).

21.    Accordingly, the Combined Base Offense Level is 36.

Acceptance of Responsibility

22.    As of the date of this letter, GREENWALD has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if GREENWALD's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

23.    As of the date of this letter, GREENWALD has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in GREENWALD's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) GREENWALD enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that GREENWALD's acceptance of responsibility has continued through the date of sentencing and GREENWALD therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) GREENWALD's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Agreed Total Guidelines Offense Level and Mandatory Minimum Sentence

24.    Accordingly, the parties agree that the total Guidelines offense level applicable to GREENWALD is 33 (the "Total Offense Level"), and that GREENWALD is subject to a mandatory minimum sentence of 60 months' imprisonment, pursuant to 18 U.S.C. § 2252A(a)(2).

25.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

Waiver of Appeal and Collateral Attack

26.    If the term of imprisonment does not exceed 168 months, and except as specified in the next paragraph below, GREENWALD will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective

assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 135 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

27. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)   Any proceeding to revoke the term of supervised release.

(b)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Plea Agreement with Jeremy Greenwald

Schedule B

1.    The following items, which were all seized on January 31, 2024:

    Item 1 - Black Google Pixel 5 Phone - IMEI # 352493113282231

    Item 2 - Samsung Galaxy S22 - IMEI # 350744861052016

    Item 3 - Dell XPS 8930 - Service Tag # DPKKZV2

    Item 4 - Gray iPad - Serial # F9FS32QFGHMK

    Item 5 - Gray iPad Black and Brown cover - Serial # GG72GCDSMF3M

    Item 6 - Gray Dell Inspiron - Service Tag # 34GXFW2

    Item 7 - Gray Apple MacBook - Serial # W86471GGW0L

    Item 8 - Apple iMac Model A1418 - Serial # C02K9C1GDNCR

    Item 9 - Black Google Pixel 6 Phone - IMEI # 359668271344484